**Slip Op. No. 12- 143**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

| | |
|---|---|
| TIANJIN MAGNESIUM INTERNATIONAL CO., LTD., : : : Plaintiff, : : v. : Consol. Court No.: 11-00006 : UNITED STATES, : : Defendant, : : and : : US MAGNESIUM, LLC, : : Defendant-Intervenor. : : | |

**MEMORANDUM ORDER**

**Held**: Remand results accepted in their entirety, with costs to be taxed against plaintiff.

Dated: November 21, 2012

Riggle & Craven, (David A. Riggle) for Tianjin Magnesium International Co., Ltd., Plaintiff.

Stuart F. Delery, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Renee Gerber); Office of Chief Counsel for Import Administration, United States Department of Commerce, Thomas M.Beline, Of Counsel, for the United States, Defendant.

King & Spalding, LLP, (Stephen A. Jones and Jeffrey B. Denning) for US Magnesium, LLC, Defendant-Intervenor.

**TSOUCALAS, Senior Judge**: This court, having considered the remand determination and the response briefs, finds that the Department of Commerce ("Commerce") substantially complied with

**Court No. 11-000806**                                                                                               **Page 2**

this court's order in <u>Tianjin Magnesium International Co. v. United States</u>, 36 CIT    , Slip. Op. 12-63 (May 16, 2012), and accordingly accepts the remand results in their entirety.

In multiple proceedings before Commerce, including those leading to the present action, Tianjin Magnesium International Co. ("TMI") engaged in intentionally fraudulent conduct in an attempt to obtain lower dumping margins. <u>Tianjin Magnesium</u>, 36 CIT at    , Slip. Op. 12-63 at 3-7.  Although the court is not aware of any identical misconduct during this appeal, the court finds it troubling that TMI employed other tactics designed to mislead the court and the other parties to this action.  Specifically, TMI did not submit its rebuttal brief objecting to the chosen financial surrogate on time in the proceedings below — rendering the argument procedurally deficient on appeal for TMI's failure to exhaust — but nevertheless chose to repeat its objection before this court without adequately disclosing or explaining its failure below. <u>See</u> Pl.'s Mem. Supp. Mot. J. Agency R. at 13-24.  TMI continued to argue the point in its reply brief despite exhaustive and accurate refutations from both Commerce and defendant-intervenors. <u>See</u> <u>id.</u> at 2-10; Def.'s Mem. Opp'n Pl.'s Mot. J. Agency R. & Def.-Intervenor's Mot. J. Agency R. at 17-19; Def.-Intervenor's Mem. Opp'n Pl.'s Mot. J. Agency R. at 5-11.

"Although its discretionary power to award costs has been infrequently exercised," <u>Former Employees of Bass Enterprises</u>

**Court No. 11-000806**                                                                                                              **Page 3**

<u>Production Co. v. United States</u>, 13 CIT 372, 374 (1983) (not reported in the Federal Supplement), the Court of International Trade unquestionably retains the authority to do so.  USCIT R. 54(d); <u>see</u> 28 U.S.C. §§ 1920, 1923, 1924 (2006).  TMI's actions constitute a frivolous drain of the court's resources, potentially within the scope of the court's authority to impose sanctions under Local Rule 11(c).  <u>See</u> USCIT R. 11(b)(2), (c).  Given TMI's conduct, this court finds awarding costs to be an appropriate exercise of its discretion.  <u>See</u> USCIT LR 54(d)(1); 28 U.S.C. §§ 1920, 1923, 1924.  TMI's actions will not be tolerated in future proceedings before this court.

In accordance with the foregoing, it is hereby

**ORDERED** that the remand results are accepted in their entirety; and it is further

**ORDERED** that costs will be taxed after defendant and defendant-intervenor submit their affidavits of itemized costs pursuant to USCIT R. 54(d) and after plaintiff has had an opportunity to respond thereto; and it is further

**ORDERED** that this action is dismissed.

                                                    /s/ NICHOLAS TSOUCALAS
                                                 **Nicholas Tsoucalas**
                                                    **Senior Judge**

**Dated: November 21, 2012**
       **New York, New York**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

| | |
|---|---|
| TIANJIN MAGNESIUM INTERNATIONAL CO., LTD., | : |
| Plaintiff, | : |
| v. | : Consol. Court No.: 11-00006 |
| UNITED STATES, | : |
| Defendant, | : |
| and | : |
| US MAGNESIUM, LLC, | : |
| Defendant-Intervenor. | : |

**JUDGMENT**

Having considered the remand determination and the response briefs, it is hereby

**ORDERED** that the remand results are accepted in their entirety; and it is further

**ORDERED** that costs will be taxed after defendant and defendant-intervenor submit their affidavits of itemized costs pursuant to USCIT R. 54(d) and after plaintiff has had an opportunity to respond thereto; and it is further

**ORDERED** that this action is dismissed.

/s/ NICHOLAS TSOUCALAS
**Nicholas Tsoucalas
Senior Judge**

**Dated: November 21, 2012
New York, New York**