Slip Op. 14-63

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TIANJIN MAGNESIUM INTERNATIONAL CO., LTD., : : :          Plaintiff, : : v. : : UNITED STATES, : :          Defendant, : :          and : : US MAGNESIUM, LLC, : :          Defendant-Intervenor. : | Before: Richard K. Eaton, Judge<br><br>Consol. Court No. 11-00006 |

OPINION and ORDER

[Costs imposed; attorney's fees denied.]

Dated: June 11, 2014

    *David J. Craven*, Riggle & Craven, of Chicago, IL, argued for plaintiff. With him on the brief was *David A. Riggle*.

    *Claudia Burke*, Trial Attorney, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for the defendant. With her on the brief were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia McCarthy*, Assistant Director, *Renee Gerber*, Trial Attorney. Of counsel on the brief was *Melissa Brewer*, Senior Attorney, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of Washington, D.C.

    *Stephen A. Jones* and *Jeffrey B. Denning*, King & Spalding, LLP, of Washington, D.C., argued for defendant-intervenor. With them on the brief was *Jeffery M. Telep*.

        Eaton, Judge: On March 12, 2014 the court granted plaintiff Tianjin Magnesium International Co., Ltd.'s ("Tianjin," "TMI", or "plaintiff") Motion for Reconsideration of Slip Op. 13-53. Order (ECF Dkt. No. 143); *Tianjin Magnesium Int'l Co. v. United States*, 37 CIT __, __, 922 F. Supp. 2d 1345 (2013) ("*Tianjin III*"). *Tianjin III* followed the *Tianjin* Court's orders of November 21, 2012 and December 20, 2012 imposing costs and awarding attorney's fees, respectively. *Tianjin Magnesium Int'l Co. v. United States*, 36 CIT __, __, 878 F. Supp. 2d 1351, 1352–53 (2012) ("*Tianjin I*") (awarding costs); *Tianjin Magnesium Int'l Co. v. United States*, 36 CIT __, __, 883 F. Supp. 2d 1330, 1332 (2012) ("*Tianjin II*") (awarding attorney's fees). The court now addresses the questions of whether the imposition of costs and award of attorney's fees was warranted.

        For the reasons set forth below the court finds that the award of attorney's fees is not warranted, but affirms the imposition of costs.

I.    <u>BACKGROUND</u>

        On January 7, 2011 plaintiff commenced its action, challenging the final results of the administrative review of the antidumping order on pure magnesium from the People's Republic of China ("PRC"). Pure Magnesium From the PRC, 75 Fed. Reg. 80791 (Dep't of Commerce Dec. 23, 2010) (final results of the antidumping administrative review of the antidumping duty drder). During the proceedings before the defendant United States Department of Commerce ("Commerce" or "the Department"), plaintiff submitted certain "voucher books" that were found to be unreliable during the previous administrative review. *Tianjin Magnesium Int'l v. United States*, 36 CIT __, __, 844 F. Supp. 2d 1342, 1346 (2012) ("*Remand Order*"). Despite this

submission, and although fully aware of its previous findings with respect to the reliability of the voucher books, in the Final Results the Department did not use adverse inferences with regard to any facts. *Id*.; 19 U.S.C. § 1677e(b) ("If the [Department] find[s] that an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information[, . . . the Department], in reaching the applicable determination[,] . . . may use an inference that is adverse to the interest of that party in selecting from among the facts otherwise available.")

On May 13, 2011, plaintiff moved to amend its original complaint, seeking to "include a new claim that the Department of Commerce unlawfully applied zeroing in the calculation of" plaintiff's rate. Mem. of Law in Supp. of Pl.'s Mot. for Leave to Amend its Compl. 1 (ECF Dkt. No. 29-1). In its motion, plaintiff argued that the Federal Circuit's decision in *Dongbu Steel* represented a change in the law applied by the Department during the review. *Id*. at 2 (citing *Dongbu Steel Co. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011)).

On May 18, 2011, the *Tianjin* Court granted the motion to amend. May 18, 2011 Order (ECF Dkt. No. 30). The Department, however, moved for reconsideration of that order on June 17, 2011. There, it argued that Tianjin should not be permitted to amend its complaint because it failed to raise the issue of zeroing before the Department. Def.'s Mot. for Reconsideration of the Ct. Order Granting Pl. Leave to Amend Compl. 2, 7–9 (ECF Dkt. No. 32). Five days later, the *Tianjin* Court granted defendant's motion for reconsideration, vacated the order permitting amendment of the complaint, and ordered the Department to file a responsive pleading to plaintiff's May 13, 2011 motion. June 22, 2011 Order (ECF Dkt. No. 33). On July 13, 2011, after the Department and defendant-intervenor U.S. Magnesium, L.L.C. ("USM" or "defendant-

intervenor") had filed responses, the *Tianjin* Court denied plaintiff's motion to amend because Tianjin had failed to exhaust its administrative remedies.  July 13, 2011 Order (ECF Dkt. No. 38).

In August, 2011, plaintiff moved for judgment on the agency record, briefing was completed by December, 2011, and oral argument was held on May 2, 2012.  On May 16, 2012, based on plaintiff's submission of the unreliable voucher books, the Final Results were remanded upon the *Tianjin* Court's finding that the Department's decision was unsupported by substantial evidence and contrary to law.  *Remand Order* at __, 844 F. Supp. 2d at 1348.

Commerce filed the remand results on August 30, 2012 which for the first time used adverse inferences against plaintiff.  Remand Results (ECF Dkt. No. 88).  Although given additional time to do so, Tianjin filed no comments on the Remand Results.  Oct. 2, 2012 Order (ECF Dkt. No. 93).  On November 21, 2012, the *Tianjin* Court issued *Tianjin I*, in which it sustained the remand results and awarded costs.  *Tianjin I*, 36 CIT at __, 878 F. Supp. 2d at 1352–53.

On December 20, 2012, plaintiff filed a motion for reconsideration of *Tianjin I*.  Pl.'s Mot. Dec. 20, 2012 at 3 (ECF Dkt. No. 103).  The *Tianjin* Court denied that motion the following day on the grounds that plaintiff failed to file comments within the time frame permitted, and because Tianjin's substantive arguments "fail[ed] to present any new factual or legal authority that was unavailable at the time its objections were due."  *Tianjin II*, 36 CIT at __, 883 F. Supp. 2d at 1332.  In addition, attorney's fees were awarded *sua sponte*.  *Id.*

On February 18, 2013, plaintiff's Notice of Appeal of the *Remand Order*, *Tianjin I* and *Tianjin II* was docketed.  Notice of Appeal (ECF Dkt. No. 109).  Thereafter, the appeal was

Court No. 11-00006 Page 5

docketed by the Federal Circuit. Notice of Docketing (ECF Dkt. No. 110). The Federal Circuit affirmed the *Remand Order*, *Tianjin I*, and *Tianjin II* on February 5, 2014, in a judgment without opinion. Notice of Entry of Judgment Without Opinion 3 (ECF Dkt. No. 139).

After the parties submitted their Bills of Costs and Attorney's fees and plaintiff had the opportunity to comment thereon, *Tianjin III* was issued. *Tianjin III* found plaintiff and its counsel jointly and severally liable to Commerce for $8,302.20 in combined fees and costs, and jointly and severally liable to USM for fees and costs in the amount of $34,042.72. *Tianjin III*, 37 CIT at __, 922 F. Supp. 2d 13 1352–1353.

On May 22, 2013, plaintiff filed its Motion for Reconsideration of *Tianjin III*. Motion for Reconsideration (ECF Dkt. No. 119). The parties briefed their respective positions, and oral argument was held on November 19, 2013. As noted, on March 12, 2014, the court ordered reconsideration of *Tianjin III*.

II. STANDARD OF REVIEW

Federal courts have inherent authority "to award expenses, including attorney's fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991). Nevertheless, the Federal Circuit has refused to uphold sanctions, issued under a Court's inherent authority, for raising an argument that "lacks merit" where the Court did not also find that the sanctioned party was engaging in "'vexatious or unjustified litigation,' 'frivolous suit,' or other type of 'bad faith.'" *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1339 (Fed. Cir. 2009) (discussing the improper application of sanctions in a patent case (citations omitted)).

Court No. 11-00006                                                                                              Page 6

III.    DISCUSSION

   A. *Attorney's Fees*

*Tianjin III* gave four primary reasons which, taken cumulatively, justified the award of attorney's fees.

First, the *Tianjin* Court found that "TMI frivolously attempted to amend its complaint to include a challenge to Commerce's use of 'zeroing' despite its failure to exhaust administrative remedies." Def.'s Resp. to Pl.'s Mot. for Reconsideration of the Ct.'s Order Awarding Costs 3 (ECF Dkt. No. 124) ("Def.'s Br."); *Tianjin III*, 37 CIT at __, 922 F. Supp. 2d at 1347.

While somewhat out of the ordinary, it is evident that, at the time plaintiff made its motion to amend, its behavior did not support an award of attorney's fees. Prior to the issuance of the Federal Circuit's opinion in *Dongbu Steel*, it was widely assumed that the questions concerning Commerce's use of "zeroing"[1] in administrative reviews had been settled by that Court's opinion in *U.S. Steel Corp. v. United States*, 621 F.3d 1351 (Fed. Cir. 2010) (finding that Commerce was not required to use zeroing in investigations but affirming it as a permissible interpretation of the statute). There, the Federal Circuit remarked that "[w]e are bound by our previous decisions . . . which held that § 1677(35)(A)[2] does not unambiguously preclude—or require—Commerce to use zeroing methodology." *Id.* at 1361 (citation omitted). Thus, *U.S.*

---

   [1]    Zeroing is a method for calculating an exporter's weighted average dumping margin "where negative dumping margins (i.e., margins of sales of merchandise sold at nondumped prices) are given a value of zero and only positive dumping margins (i.e., margins for sales of merchandise sold at dumped prices) are aggregated." *Union Steel v. United States*, 713 F.3d 1101, 1104 (Fed. Cir. 2013).

   [2]    19 U.S.C. § 1677(35)(A) (2006) defines the term "dumping margin" as "the amount by which the normal value exceeds the export price or constructed export price of the subject merchandise."

*Steel* appeared to hold that the Department was permitted to use zeroing in administrative reviews even though it had abandoned that practice in investigations.

*Dongbu Steel* called this assumption into question. *Dongbu Steel*, 635 F.3d at 1373 ("[O]ur prior case law does not address the situation at hand where Commerce has decided to interpret 19 U.S.C. § 1677(35) differently based on the nature of the antidumping proceeding at issue. . . . It may be that Commerce cannot justify using opposite interpretations of 19 U.S.C. § 1677(35) in investigations and in administrative reviews."). The issue was not finally decided until the Federal Circuit issued *Union Steel*, where it held that the practice of using zeroing in administrative reviews was permissible. *Union Steel v. United States*, 713 F.3d 1101 (Fed. Cir. 2013). During the period that plaintiff sought to amend its complaint, however, *Dongbu Steel* had put the issue of zeroing back into play. *Union Steel v. United States*, 36 CIT __, __, 823 F. Supp. 2d 1346, 1348 (2012) ("Both *Dongbu* and *JTKET* came as a surprise to many because a long-line of cases seemed to allow Commerce great discretion in making the calculation at issue.").

During this time, judges of this Court considered the amendment of complaints to include zeroing claims, reconsidered prior decisions affirming the use of zeroing in administrative reviews, and excused parties' failure to argue zeroing claims before the Department. *E.g. Union Steel v. United States*, 36 CIT __, __, 836 F. Supp. 2d 1382, 1395 (2012) ("The court concludes that reconsideration of its prior decision affirming the use of zeroing is warranted. In two decisions issued in 2011, *JTEKT Corp. v. United States*, 642 F.3d 1378, 1383–85 (Fed. Cir. 2011) and *Dongbu*, the Court of Appeals held that the final results of administrative reviews in which zeroing was used must be remanded."); *Home Meridian Int'l Inc. v. United States*, 35 CIT

\_\_, \_\_, 865 F. Supp. 2d 1311, 1330 (2011) (excusing a party's failure to exhaust its administrative remedies on a zeroing claim as a result of the issuance of *Dongbu Steel*); *Fuwei Films (Shandong) Co. v. United States*, 35 CIT \_\_, \_\_, 791 F. Supp. 2d 1381, 1385 (2011) (denying a plaintiff's motion to amend its complaint to add a zeroing claim in the wake of *Dongbu Steel* without sanctioning plaintiff for the attempt). Thus, because the state of the law was made uncertain by *Dongbu Steel*, plaintiff's motion to amend its complaint was not frivolous and could not reasonably provide support for the award of attorney's fees.

Second, *Tianjin III* held that plaintiff acted wrongfully "[i]n its motion for judgment on the agency record, [because it] argued that Commerce erred in calculating the surrogate financial ratio without being candid about its own failure to exhaust the claim below." Def.'s Br. 3; *Tianjin III*, 37 CIT at \_\_, 922 F. Supp. 2d at 1347–48.

Here, plaintiff was faulted for continuing to make the argument, in its Reply Brief, that the Department erred in its selection of a surrogate for Tianjin's financial ratio. Seemingly, the *Tianjin* Court found persuasive the Department and USM's arguments, in their responsive briefs, that Tianjin had failed to raise the issue in the underlying administrative proceeding.

As an initial matter, it is worth noting that the exhaustion of remedies is not required in every case. *See Blue Field (Sichuan) Food Indus. Co., Ltd. v. United States*, 37 CIT \_\_, \_\_, 949 F. Supp. 2d 1311, 1321 (2013) ("This court has discretion to determine when it will require the exhaustion of administrative remedies."). Moreover, a party is not prohibited from continuing to make an argument in its reply brief merely because its opponents have made the claim in their responses that the argument is barred by the exhaustion doctrine. That is, a party need not surrender merely because its opponent argues that the exhaustion doctrine will bar its claim.

Court No. 11-00006 Page 9

Therefore, while a plaintiff's decision to persist with its argument might ultimately prove unavailing, such persistence does not justify the award of attorney's fees.

Third, the *Tianjin* Court found that Tianjin "significantly misrepresent[ed] undisputed portions of the record" when it argued, prior to remand, that it "cooperated fully in the review" and that there was "no information of record showing that the primary information relied on in calculating a margin was misleading or unverifiable in the review." *Tianjin III*, 37 CIT at __, 922 F. Supp. 2d at 1348. The *Tianjin* Court based this conclusion on its finding that plaintiff's submission of "supporting documents during the underlying review knowing that [those documents] had been falsified so as to obtain a lower dumping margin." *Id*. The documents referred to by the *Tianjin* Court were the unreliable voucher books. In reaching its finding, *Tianjin III* specifically cites to plaintiff's response to USM's motion for judgment on the agency record as the source of the alleged misrepresentation. *Id.* ("Nevertheless, in its response to USM's motion for judgment on the agency record, TMI insisted that it 'cooperated fully in the review by submitting responses to all questions . . . and being subject to a lengthy verification,' and that '[t]here is no information of record showing that the primary information relied on in calculating a margin was misleading or unverifiable in the review.' Pl.'s Resp. USM's Mot. J. Agency R. at 2–6." (alterations in original)).

Here, in fact, in its Final Results Commerce described the voucher books as "unreliable." Issues and Decision Memorandum for the Final Results of the 2008–2009 Administrative Review at 5, PD 132 (Dec. 15, 2010), ECF No. 46–3 (Sept. 6, 2011) ("Issues & Dec. Mem."). The Department, nonetheless, expressly determined that Tianjin "*did cooperate* to the best of its ability" despite the submission of the discredited voucher books. Issues & Dec. Mem. at 5

Court No. 11-00006                                                                                                                     Page 10

(emphasis added). Importantly, in the Final Results, the Department denied plaintiff the offset that the discredited documents were submitted to support. Thus, Commerce did not rely on the information contained in the voucher books when reaching its determinations in the Final Results. Issues & Dec. Mem. at 7.

Thus, plaintiff's arguments in its response brief in opposition to USM's motion for judgment on the agency record were similar to those that the Department was making at the time. For plaintiff to argue, prior to remand, that Commerce did not err by failing to apply adverse inferences for largely the same reasons expressed by Commerce itself was not improper. Thus, plaintiff's claims with respect to its cooperation during the administrative proceeding do not support the award of attorney's fees.

Finally, the *Tianjin* Court found that "TMI requested an extension to respond to the remand results, but it did not file any comments within that time frame. After the court issued an order accepting the remand results, TMI filed a motion for reconsideration in which it argued, incredibly, that it did not have an opportunity to respond." *Tianjin III*, 37 CIT at __, 922 F. Supp. 2d at 1347–48 (citation omitted).

Although the *Tianjin* Court found otherwise, it is not clear that plaintiff seriously argued that it had no opportunity to respond to the remand results. The only mention in its brief of the issue is contained in the "Legal Standard" section. There, after pointing to USCIT R. 59 as the basis for a motion for reconsideration, it added "[s]imilarly, Rule 46 of the Rules of the Ct. Int'l Trade permits parties to object to a ruling or order, explaining that parties need not make formal objections. The rule specifically states that '[f]ailing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.'" Pl.'s Mot. for

Court No. 11-00006 Page 11

Reconsideration of the Ct.'s Order in Slip Op. 12-143 at 2 (ECF Dkt. 103) (quoting USCIT R. 46). USCIT R. 46 governs the form and content of objections to judicial rulings or orders during the course of a trial. Neither any reference to USCIT R. 46 nor any argument that plaintiff was denied an opportunity to respond can be found elsewhere in plaintiff's brief in support of its motion.

Because antidumping proceedings do not involve trials, the reference and quotation of USCIT R. 46 was both not pertinent and somewhat perplexing. Nevertheless, it does not appear that plaintiff ever actually argued that it did not have the opportunity to respond to the Remand Results. While it may be that plaintiff passed up a valuable opportunity to comment on the Remand Results, and its motion for reconsideration was without merit, it is difficult to see how its reference to an inapplicable rule could provide a basis for awarding attorney's fees.

Here, no party moved for attorney's fees and the *Tianjin* Court awarded attorney's fees *sua sponte* based on an assessment of plaintiff's cumulative behavior. The invocation of the court's inherent power to award attorney's fees "must be done with 'restraint and discretion.'" *Pickholtz v. Rainbow Tech., Inc.*, 284 F.3d 1365, 1378 (Fed. Cir. 2002) (quoting *Chambers*, 501 U.S. at 44)). On reconsideration, the court finds plaintiff's behavior, taken as a whole, did not warrant the imposition of attorney's fees *sua sponte*.

B. Costs

Pursuant to USCIT Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

party." This Court's rule parallels Federal Rule of Civil Procedure 54(d)(1), under which "the prevailing party is presumed to be entitled to costs." *Fox v. Good Samaritan Hosp. LP*, 467 Fed. App'x 731, 735 (9th Cir. 2012); *Neal & Co. v. United States*, 121 F.3d 683, 686 (Fed. Cir. 1997) ("Courts following [Federal Rule of Civil Procedure] 54(d)(1) have acknowledged in its language a presumption in favor of costs to the prevailing party."). Here, it is clear that defendant and defendant-intervenor are the prevailing parties in this litigation and the court sees no equitable reason to depart from the *Tianjin* Court's award. *Cf. Tung Mung Dev. Co. v. United States*, 354 F.3d 1371, 1382 (Fed. Cir. 2004). This being the case, the imposition of costs is allowed.

IV.     **CONCLUSION**

For the reasons previously stated, the court finds, in the exercise of its discretion, that the awarding of attorney's fees is not warranted in this case. Costs are allowed and a separate order will issue with respect to the imposition of costs.

                                                      /s/ Richard K. Eaton
                                                      Richard K. Eaton

Dated: June 11, 2014
New York, New York